FILED
JUL 27 2016

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KOH TSURUTA, | Civ. 16-4107 |
| Plaintiff, | |
| v. | COMPLAINT |
| AUGUSTANA UNIVERSITY, | |
| Defendant. | |

COMES NOW the above-named Plaintiff by and through counsel of record and for his declaratory judgment action against the Defendant states and alleges as follows:

## CLAIMS JURISDICTION AND PARTIES

1. Plaintiff initially commenced an action in state court to enjoin Augustana from conducting a Title IX adjudication of a complaint alleging sexual assault. Augustana removed the action on the basis of arising under jurisdiction under 28 USC § 1331, as the matter arose under Title IX, 20 USC § 681.

2. That action was dismissed without prejudice by stipulation of the parties.

3. After dismissal by agreement, Plaintiff was exonerated of any underlying criminal conduct by virtue of dismissal of criminal charges against him. Plaintiff has requested the Defendant reinstate him and make him eligible as a student again, to which the Defendant respectfully declined. This complaint asserts a request for declaratory relief, a claim for breach of contract, as well as a claim for negligent hiring, training and supervision.

4. At all times material, the Plaintiff was a student at Augustana University, however a resident of Iowa.

5. Augustana University is a university located in Sioux Falls, South Dakota.

6.	The parties are diverse for purposes of citizenship and jurisdiction in this matter is appropriate pursuant to 28 USC § 1332.

## BACKGROUND FACTS

7.	During the 2015 summer break, Plaintiff was accused by another Augustana student of rape, an allegation which he vehemently denied. The incident at issue was alleged to have occurred on July 3, 2015.

8.	The Plaintiff initially informed Augustana that a fellow student was wrongfully accusing him of rape and asked the school to intervene. At the suggestion of the school, the student making the allegations reported the incident to Minnehaha County law enforcement on August 4, 2015, and Plaintiff was arrested and charged with multiple counts of sexual assault. The maximum penalty associated with the charges included up to 50 years of imprisonment and up to a $25,000 fine.

9.	On August 5, 2015, the complainant also filed a complaint with Augustana University pursuant to its Equal Opportunity (Civil Rights) Policies and Procedures handbook ("Handbook").

10.	Further to the complaint, Augustana immediately suspended Plaintiff from school pending the outcome of an internal investigation and complaint-adjudication pursuant to the policies and procedures set forth in the Handbook. Plaintiff has since moved to Lake Mills, Iowa, which is three hours away by car.

11.	Despite Plaintiff's objection, Augustana decided to adjudicate the complaint on October 8, 2015. The complaint was loosely adjudicated based on the Handbook. Given the gravity of ongoing criminal charges, Plaintiff had no choice but to invoke his Fifth Amendment rights and was unable to mount a meaningful defense.

12. The Defendant proceeded to adjudicate the facts of the investigation through a panel of university employees who were not properly trained in investigating and adjudicating allegations of rape.

13. As a result, the Defendant accepted as true nearly every allegation made by the complainant with no effort to independently test, verify or prove the accuracy of the claims made. In particular, the investigation failed to consider or note all the following:

- That Plaintiff lost his feet in a motor vehicle accident which Defendant was aware, which made it physically impossible for him to commit the rape as alleged;

- That the complainant had accused other Augustana students of sexual misconduct, including threatening a prior boyfriend with false allegations of rape;

- Whether interviewing neighbors would be helpful in determining if there was corroborating evidence of a struggle as alleged by the complainant;

- Failing to observe that the complainant had intentionally deleted or removed otherwise exculpatory emails from the email string that she had presented to the campus investigator;

- Failing to interview relevant witnesses capable of providing a balanced account; and

- Otherwise failing to complete a thorough investigation of the allegations made.

- In addition, the investigator's notes included information that was contrary to actual testimony.

14. Defendant proceeded to adjudicate the facts of the investigation through a team of University employees who were not properly trained in investigating and adjudicating

allegations of forcible rape, or properly considering evidentiary matters, standards of the proof, procedural protocol and other elements material to the adjudication of the Complaint.

15. Augustana presented as true at the adjudicatory proceeding, a one-sided investigation. The preliminary report by its investigator incorrectly and remarkably claims that Plaintiff has not denied the allegations and his refusal to provide a statement is evidence of his guilt. During the adjudication proceeding, it was clear that the panel improperly held the Plaintiff's invocation of his Fifth Amendment writing itself incrimination against him.

16. Augustana personnel are not properly trained, nor experienced in fairly adjudicating allegations that carry penal consequences of up to 50 years in jail and a $25,000 fine, particularly in a 60 day timeframe.

17. The Augustana investigator singularly charged with conducting the investigation was terminated from the Sioux Falls police department for suspected dishonesty, and his participation in the collection and presentation of evidence further casts doubt on the fairness of the proceedings.

18. Plaintiff repeatedly requested through counsel and through legal action that the University stay adjudicatory proceedings which this Defendant failed or otherwise refused to honor.

19. As a result of the adjudication, Augustana permanently expelled this Defendant from school.

20. Contrary to Augustana's adjudication, the related criminal charges filed against the Plaintiff were dismissed by the prosecution, without trial, within 24 hours of Plaintiff providing prosecution evidence that the Complainant had deleted or otherwise removed exculpatory evidence from the emails she presented, that the Complainant had previously falsely

accused another Augustana student of rape, and that the Plaintiff lost his feet in a car accident and had no physical ability to commit rape as alleged, among other things.

## COUNT ONE - DECLARATORY JUDGMENT

21. Plaintiff states and realleges each of the paragraphs above as though fully set forth herein.

22. A real controversy exists in this matter.

23. Based on the Defendant's breach of contract and its negligent hiring, training ans supervision of its employees, Plaintiff was improperly adjudicated as committing rape and permanently expelled from school.

24. Plaintiff seeks a declaratory judgment, or other equitable relief, entitling him to be reinstated in school and otherwise have his expulsion reversed as a result of the Defendant's breach of contract and negligence.

## COUNT TWO – BREACH OF CONTRACT

25. Plaintiff states and realleges each of the paragraphs above as though fully set forth herein.

26. As a student of the Augustana University, the Plaintiff has a contractual relationship with the University both express and implied, which create a right to an educational learning environment that cannot be terminated without adequate contractual process.

27. Augustana's Handbook creates a contractual standard Augustana is bound to follow before expelling Plaintiff from school.

28 Augustana's Handbook promises a fair and equitable hearing.

29. Augustana has breached its agreements with the Plaintiff by suspending him from school, holding his Fifth Amendment rights against him and imputing guilt, failing to complete a

fair and thorough investigation, and otherwise failing to provide a meaningful and appropriate forum to be heard in breach of the promise of a fair and equitable hearing as set forth in the Handbook.

30. As a direct and foreseeable consequence of these breaches, Plaintiff has sustained damages, including without limitation, emotional distress, loss of educational opportunities, economic injury and other direct and consequential damages.

31. Plaintiff is entitled to recover damages for breach of the express and implied contractual obligations to deliver educational services.

32. As a direct result of the foregoing, Plaintiff is entitled to damages in an amount to be determined at trial, plus prejudgment interest, attorney's fees, expenses and costs and disbursements.

## COUNT THREE – NEGLIGENT HIRING, TRAINING AND SUPERVISION

33. Plaintiff states and realleges each of the paragraphs above as though fully set forth herein.

34. The Defendant was negligent in the manner in which it hired, trained and otherwise supervised those employees charged with investigating and adjudicating Title IX proceedings, and sexual assault claims in particular.

35. Such negligence has manifested itself in the incomplete, haphazard and cursory manner in which the allegations made by the Complainant were reviewed.

36. Defendant was further negligent in failing to recognize and consider that the Plaintiff is physically disabled and otherwise was physically unable to perpetrate the allegations made by the Complainant.

37. As a result of the foregoing, the Defendant accepted the Complainant's version of the allegations as true and otherwise adjudicated the Plaintiff as a rapist based on manipulated evidence, lack of physical corroboration, and information that the Defendant knew or reasonably should have known regarding the Complainant's propensity to falsely accuse Augustana students of misconduct.

38. Plaintiff has sustained damage and detriment including loss of educational opportunities, emotional injury, loss of future income, and other injury as the direct legal cause of the Defendant's negligence.

WHEREFORE, Plaintiff requests relief as follows:

A. For a declaratory judgment or other applicable order reinstating Plaintiff, and overturning the decision of expulsion;

B. For a money judgment in an amount to be determined by a jury;

C. That the Defendant be awarded its costs and disbursements so taxable, and

D. For such other and further relief as the Court deems just and equitable in this action.

DEMAND FOR JURY TRIAL

Dated this 28 day of July, 2016.

CADWELL SANFORD DEIBERT & GARRY, LLP

Shawn M. Nichols
200 East 10th Street, Suite 200
PO Box 2498
Sioux Falls, SD 57101-2498
605-336-0828
snichols@cadlaw.com
Attorney for Plaintiff